In re CAPN'S GALLEY OF SOUTH DA-KOTA, INC., a South Dakota Business Corporation, dba Seaport Village, dba The Galley, dba The Depot and dba Barco's, Debtor.

### SOUTH DAKOTA DEPARTMENT OF REVENUE, Plaintiff,

v.

CAPN'S GALLEY OF SOUTH DAKOTA, INC., a South Dakota Business Corporation, dba Seaport Village, dba The Galley, dba The Depot, Defendant.

Bankruptcy No. 481–00082.
Adv. No. 481–0105.

United States Bankruptcy Court,
D. South Dakota.

July 31, 1981.

---

Gene R. Woodle, South Dakota Dept. of Revenue, Pierre, S. D., for plaintiff.

J. Bruce Blake, Sioux Falls, S. D., for defendant.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Capn's Galley of South Dakota, Inc., hereinafter Debtor, has filed an order for relief in a Chapter 11 bankruptcy. The South Dakota Department of Revenue, hereinafter Creditor, has filed a Complaint requesting relief from the automatic stay, adequate protection, and other relief. Creditor's prayer for relief requests:

"(a) That Debtor be ordered to cease making sales of property or services subject to sales tax;

(b) That Debtor be ordered to segregate into a separate account all cash collected from customers as reimbursement for Debtor's sales tax obligations and to hold the same pending further Order of this Court;

(c) That the stay pursuant to 11 U.S.C. § 362 be modified to permit Plaintiff to hold a hearing to determine Debtor's sales tax liability and whether Debtor's sales tax license should be revoked and to enforce any Order issued by Plaintiff as a result of said hearing;".

In responsive pleadings, Debtor alleges the Complaint fails to state a cause of action and moves for a dismissal. Debtor argues that neither 11 U.S.C. § 361, "Adequate Protection", 11 U.S.C. § 362, "Automatic Stay", nor 11 U.S.C. § 363, "Use, Sale, or Lease of Property", have any application to Creditor, Creditor being a pre-filing tax claimant.

The Court held a trial on Creditor's Complaint and received evidence presented by the Parties. This Bankruptcy Court denied Creditor's request that Debtor cease making sales. The Court granted Creditor's request that Debtor place in a separate account all sales tax collected. The matters of relief from the automatic stay and Debtor's Motion to Dismiss were taken under advisement. The automatic stay is continued while this matter is under advisement. This Bankruptcy Court makes the following Findings of Fact and Conclusions of Law based upon the pleadings and evidence presented at trial.

## FINDINGS OF FACT

Debtor is in the business of operating a restaurant and lounge. Debtor is subject to the payment of sales tax pursuant to S.D. C.L. 10–45. Creditor has issued license numbers 51–14465–1 and 51–20980–0 to Debtor to engage in business as a retailer

pursuant to S.D.C.L. 10–45–24 and 25. Debtor is passing on sales tax to his customers pursuant to S.D.C.L. 10–45–22. Debtor is in arrears in payment to Creditor of pre-bankruptcy and post-bankruptcy sales tax.

## CREDITOR'S ARGUMENT

Creditor argues they will suffer irreparable harm if the automatic stay pursuant to 11 U.S.C. § 362 is not modified to permit Creditor to file liens and to hold a hearing to determine Debtor's sales tax liability and whether Debtor's sales tax license should be revoked.

## DEBTOR'S ARGUMENTS

1. That neither 11 U.S.C. § 361, "Adequate Protection", 11 U.S.C. § 362, "Automatic Stay", nor 11 U.S.C. § 363, "Use, Sale, or Lease of Property", have any application to Creditor, Creditor being a pre-filing tax claimant.

2. That any amount owing Creditor pre-filing, and the distribution thereof, is governed by 11 U.S.C. § 507(a)(6)(E).

3. That any amounts which may accrue to Creditor post-filing, and the payment thereof, are governed by 11 U.S.C. § 507 "Priorities" (a)(1) and 11 U.S.C. § 503 "Allowance of Administrative Expenses" (b)(1)(B)(i).

## ISSUE

Whether Creditor can file a complaint for relief from the automatic stay to file liens, hold hearings to determine sales tax liability, and hold hearings on whether Debtor's sales tax license should be revoked.

## CONCLUSIONS OF LAW

This Bankruptcy Court holds that Creditor cannot file a complaint for relief from the automatic stay to file liens, to hold hearings to determine sales tax liability, and to hold hearings on whether Debtor's sales tax license should be revoked.

First, this Bankruptcy Court finds The South Dakota Department of Revenue is an unsecured creditor. Second, Creditor's request to file liens and hold hearings on sales tax liability and license revocation is not following the bankruptcy process as contemplated and codified by Congress. The process Congress intended Creditor to follow is: first, filing a proof of claim as provided by 11 U.S.C. § 501 and 1111; and second, participating in the confirmation process with other unsecured creditors.

Creditor is invited to examine the following sections of the Bankruptcy Code: 11 U.S.C. § 507(a)(6)(E) provides Creditor priority in payment for pre-filing tax claims. 11 U.S.C. § 503(b)(1)(B)(i) provides that Creditor can seek payment as an administrative expense post-filing tax claims. 11 U.S.C. § 1129(a)(9)(C) provides Creditor's treatment under a plan.

The automatic stay as provided by 11 U.S.C. § 362 is continued, and Debtor's Motion to Dismiss Creditor's Complaint for relief from automatic stay is granted, and Attorney Blake may submit an order consistent herewith.